IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY D. WALLS & LAURA C. WALLS,**         **CASE NO. 19-51191-KMS**
                Debtors.                                                **CHAPTER 7**

**KIMBERLY R. LENTZ, as Chapter 7 Trustee for
The Bankruptcy Estate of Gary D. Walls
& Laura C. Walls, Debtors**                                              **PLAINTIFF**

**V.**                                                                    **ADV. PROC. NO. 19-06038-KMS**

**NATIONAL DEBT RELIEF, LLC**                                             **DEFENDANT**

## MOTION TO RECONSIDER OR ALTER AND AMEND

COMES NOW, Defendant National Debt Relief, LLC ("NDR") and files this its Motion to Reconsider or Alter and Amend, and in support thereof would show unto the Court the following, to-wit:

1. Trustee filed this adversary proceeding on September 12, 2019. She alleged that Debtor Laura Walls participated in a "debt relief and credit repair program" offered by NDR. Trustee asserted that Debtor's obligations were not "resolve[d]," and both Debtor and her creditors were "damaged." In addition to various bankruptcy claims, Trustee asserted Debtor paid "exorbitant fees" to NDR and that it failed to make various "disclosures" required by the Credit Repair Organizations Act ("CROA").

2. NDR filed its Answer to the Complaint on October 15, 2019. In its pleading, it specifically noted that the Court lacked authority to resolve the non-core

44295536 v1

claims asserted and did not consent to the entry of final judgments or orders relating to those non-core claims.

3. NDR also filed a Motion to Withdraw the Reference based upon the CROA claim asserted by Trustee. In declining to withdraw the reference, the District Court concluded only that "the bankruptcy court can manage the pretrial proceedings" relating to the non-core CROA claim.

4. NDR also moved to dismiss Trustee's CROA claims based upon lack of subject matter jurisdiction. It argued that all three standing requirements (injury-in-fact, traceability and redressability) were lacking for Trustee's CROA claims.

5. On September 24, 2020, the Court entered an Opinion relating to NDR's Motion to Dismiss. The Court found that "subject matter jurisdiction [] must be addressed before all else." It then concluded, *sua sponte*, that the CROA claim was moot because "Trustee has agreed to arbitrate the CROA count" and did "not reach the question of standing raised in the Motion to Dismiss . . . ."

6. Reconsideration of a prior ruling may be granted under either Rule 54(b) or 59(e). *See* Fed. R. Civ. P. 54(b) & 59(e); Fed. R. Bankr. P. 7054 & 9023.

7. The Court committed manifest error when it dismissed Trustee's CROA claim without consent. *See* 28 U.S.C. § 157(c).

8. The Court also committed manifest error when it confused "mootness with whether the plaintiff has established a right to recover" on the merits. *See*

*Chafin v. Chafin,* 586 U.S. 165, 174 (2013). Additionally, "agreements to arbitrate implicate forum selection and claims-processing rules not subject matter jurisdiction." *See Ruiz v. Donahoe*, 784 F.3d 247, 250 (5th Cir. 2015). Thus, the Court committed manifest error by concluding that the agreement to arbitrate deprived it of subject matter jurisdiction over the CROA claim.

9. In support of the instant Motion, NDR relies upon its supporting Memorandum being filed herewith and those matters of records that are referred to and incorporated therein.

WHEREFORE, PREMISES CONSIDERED, NDR prays the Court reconsider and alter/amend its September 24, 2020 Opinion. NDR further prays for general relief.

Respectfully submitted, the 7th day of October, 2020.

National Debt Relief, LLC

*/s/ Mark H. Tyson*
Mark H. Tyson (MS Bar #9893)

**OF COUNSEL:**

BURR & FORMAN, LLP
The Pinnacle at Jackson Place
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
mtyson@burr.com

44295536 v1

3

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served on the following by Notice of Electronic Filing on this, the 7th day of October, 2020:

Jason Graeber, Esq.
Graeber Law Firm, PLLC
2496 Pass Rd.
Biloxi, MS  39531
jason@jasongraeberlaw.com

Chadwick M. Welch
Watson Heidelberg PLLC
2829 Lakeland Drive, Suite 1502
Flowood, MS 39232
cwelch@whjpllc.com

> */s/ Mark H. Tyson*
> OF COUNSEL