## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**GARY D. WALLS & LAURA C. WALLS,**  **CASE NO. 19-51191-KMS**
    **Debtors.**          **CHAPTER 7**

**KIMBERLY R. LENTZ, as Chapter 7 Trustee for**
**The Bankruptcy Estate of Gary D. Walls**
**& Laura C. Walls, Debtors**        **PLAINTIFF**

**V.**        **ADV. PROC. NO. 19-06038-KMS**

**NATIONAL DEBT RELIEF, LLC**      **DEFENDANT**

## MEMORANDUM IN SUPPORT
## OF MOTION TO RECONSIDER OR ALTER AND AMEND

### I.   INTRODUCTION

National Debt Relief, LLC ("NDR") moved to dismiss the Credit Repair Organizations Act ("CROA") claims asserted by Plaintiff/Trustee Kimberly R. Lentz (the "Trustee") under Rule 12(b)(1) for want of standing.  *See* Docket Nos. 25 & 26.  In ruling on that motion, the Court found, *sua sponte*, that Trustee's CROA count was moot based upon her agreement to arbitrate.  *See* Docket No. 37 at 3. The Court then dismissed the CROA claim on that basis.  *See* Docket No. 37 at 4 & 12.  For two reasons, the Court's decision was manifestly erroneous.

NDR did not consent to the entry of final judgments or orders relating to any non-core claims.  *See* Docket No. 5.  As a non-core proceeding, the Court lacked authority to make any final disposition relating to Trustee's CROA count.  *See* 28

U.S.C. § 157(c).   Contrary to controlling precedent, the Opinion also confused mootness with the merits and conflated arbitrability with subject matter jurisdiction when it found the CROA count and Motion to Dismiss moot because Trustee had agreed to arbitrate.   *See* Docket No. 37 at 3.   Accordingly, the Court should reconsider and revise its prior Opinion and ruling.   *See* Fed. R. Civ. P. 54(b) & 59(e); Fed. R. Bankr. P. 7054 & 9023.

## II.   PROCEDURAL HISTORY

Trustee filed this adversary proceeding against NDR on September 12, 2019. *See* Docket No. 1.   She alleged that Debtor Laura Walls had participated in a "debt relief and credit repair program" offered by NDR.   *See* Docket No. 1 at 1 (¶ 4). Trustee asserted that Debtor's obligations were not "resolve[d]," and both Debtor and her creditors were "damaged."   *See* Docket No. 1 at 2 (¶ 6).   In addition to various bankruptcy claims, the Complaint raised claims under CROA.   *See* Docket No. 1 at 10-13.   Trustee asserted Debtor paid "exorbitant fees" to NDR and that it failed to make various "disclosures" required by CROA.   *See* Docket No. 1 at 10. She demanded actual and punitive damages, attorney's fees, interest, equitable relief and rescission.   *See* Docket No. 1 at 13-14 (¶ 83).

NDR filed its Answer to the Complaint on October 15, 2019.   *See* Docket No. 5.   In its pleading, it specifically noted that the Court lacked authority to resolve the non-core claims asserted and did not consent to the entry of final judgments or orders

relating to those non-core claims. *See, e.g.,* Docket No. 5 at 1, 2 & 14. In particular, NDR asserted:

> Plaintiff's non-core claims are not subject to final resolution by this Court. NDR does not consent to final resolution by this Court of those non-core claims.

*See* Docket No. 5 at 14. At the same time, NDR also moved for judgment on the pleadings or alternatively to compel arbitration of the CROA count. *See* Docket Nos. 6 & 7.

NDR also filed a Motion to Withdraw the Reference based upon the CROA claim asserted by Trustee. *See* Docket Nos. 11 & 13. It specifically argued, *inter alia*, that the reference should be withdrawn by the District Court because it had not consented and the Court could not enter final judgment on any non-core claims. *See* Docket No. 13 at 1 & 8. In declining to withdraw the reference, the District Court concluded only that "the bankruptcy court can manage the pretrial proceedings" relating to the non-core CROA claim. *See* Docket No. 27 at 9.

Finally, NDR moved to dismiss Trustee's CROA claims based upon lack of subject matter jurisdiction. *See* Docket Nos. 25 & 26. It specifically argued that all three standing requirements (injury-in-fact, traceability and redressability) were lacking for Trustee's CROA claims. *See* Docket No. 26 at 7-11.

On September 24, 2020, the Court entered an Opinion relating to NDR's Motion to Dismiss.[1]  *See* Docket No. 37.  The Court found that "subject matter jurisdiction [] must be addressed before all else." *See* Docket No. 37 at 3.  It then concluded, *sua sponte*, that the CROA claim was moot because "Trustee has agreed to arbitrate the CROA count" and did "not reach the question of standing raised in the Motion to Dismiss . . . ." *See* Docket No. 37 at 2-3.

## III.   STANDARD OF REVIEW

Reconsideration of a prior ruling may be granted under either Rule 54(b) or 59(e).  *See* Fed. R. Civ. P. 54(b) & 59(e); Fed. R. Bankr. P. 7054 & 9023.  A motion to reconsider a judgment is deemed a motion to alter or amend under Rule 59(e). *See Eagle Transportation, LLC v. Scott*, 887 F.Supp 2d 718, 720 (S.D. Miss. 2012).

"Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence . . . ." *See Cabral v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017) (internal quotation marks, citations and alterations omitted). "In contrast, under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (internal quotation marks and citations omitted); *Henderson v.*

---

[1] The Opinion also addressed the Motion for Judgment on the Pleadings and viability of the Trustee's core bankruptcy claims.  *See* Docket No. 37.  Those rulings are not at issue in this motion.

*Community Bank of Mississippi* (*In re Evans*), 2012 WL 393255, at * 2-3 (Bankr. S.D. Miss. Feb. 6, 2012).

A manifest error "is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law."  *See Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks and citations omitted); *see also Bender Square Partners v. Factory Mutual Ins. Co.*, 2012 WL 1952256, at * 3 (S.D. Tex. May 30, 2012).  Issues raised *sua sponte* by the trial court may also warrant reconsideration.  *See, e.g., Luig v. North Bay Enterprises, Inc.*, 817 F.3d 901, 905 (5th Cir. 2016).

## IV.    ARGUMENT

### A.    <u>The Court lacked authority to dismiss the CROA claim.</u>

Federal courts have only limited jurisdiction over matters granted by the Constitution and Congress.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The authority of bankruptcy courts is set forth in 28 U.S.C. § 157.  While a bankruptcy court may enter "final judgments and orders" relating to core proceedings, it may not do so without consent in non-core proceedings.  *See* 28 U.S.C. § 157(b) & (c).  "Absent consent, bankruptcy courts in non-core proceedings may only submit proposed findings of fact and conclusions of law, which the district courts review *de novo*."  *See Wellness International Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S.Ct. 1932, 1940 (2015) (internal quotation marks omitted).  "In the

absence of consent, the bankruptcy court has subject matter jurisdiction to consider a non-core proceeding, but must only make proposed findings of fact and conclusions of law which are to be submitted to the district court for the entry of a final order after reviewing de novo those matters to which a party has timely and specifically objected." *See In re Oxford Expositions, LLC*, 466 B.R. 818, 828 (Bankr. N.D. Miss 2011).

In this adversary proceeding, NDR consistently and timely objected to the entry of final judgments and orders relating to any non-core proceedings. *See* Docket No. 5. It specifically noted that the Court lacked "authority to resolve" those claims, and declined to "consent" to the entry of final judgment or orders relating to them. *See* Docket No. 5 at 1 & 14. NDR also requested that the District Court withdraw the reference in the matter because the Court could not finally resolve those non-core claims. *See* Docket No. 13 at 1 & 8.

The Court exceeded its authority by dismissing the CROA claim as moot rather than issuing proposed findings of fact and conclusions of law to the District Court for review as it has previously done. *See, e.g., Lentz v. Law Office of Robert S. Gitmeid & Associates, PLLC* (*In re Garrison*), 2020 WL 3720178, at *1 (Bankr. S.D. Miss. June 9, 2020) (submitting proposed findings of fact and conclusions of law on motion to dismiss based upon lack of consent on non-core claims). The CROA count is non-core because it "does not invoke a substantive right created by

the federal bankruptcy law and is one that could exist outside of bankruptcy . . . ." *See In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Thus, the dismissal of the CROA count as moot was a "plain and indisputable" error that "amount[ed] to a complete disregard of the controlling law." *See Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

### B.    The CROA claim was not moot.

The Court held that Trustee's CROA count was moot because she had subsequently "agreed to arbitration" of that claim. *See* Docket No. 37 at 3. The issue of mootness was raised *sua sponte* by the Court. *See* Docket No. 37 at 3. As binding precedent establishes, the CROA claim was not moot.

Like standing, mootness is a "case and controversy" requirement for subject matter jurisdiction purposes. *See Center for Biological Diversity, Inc. v. BP America Production Co.,* 704 F.3d 413, 424 (5th Cir. 2013). "If an intervening circumstance deprives the ***plaintiff*** of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *See Genesis Healthcare Corp v. Symczyk*, 569 U.S. 66, 72 (2013) (emphasis added); *Payne v. Progressive Financial Services, Inc.* 748 F.3d 605, 607 (5th Cir. 2014). "Mootness [also] applies when intervening circumstances render the court no longer capable of providing meaningful relief to the ***plaintiff***." *See Center for Biological Diversity,* 704 F.3d at 425 (emphasis added). Thus, "the wrong at issue for mootness

purposes is defined by the plaintiffs' theory set forth in the complaint." *See, e.g., Del Monte Fresh Produce Co. v. United States,* 570 F.3d 316, 323 (D.C. Cir. 2009).

As relevant to this matter, the Supreme Court has also cautioned against "confus[ing] mootness with whether the plaintiff has established a right to recover" on the merits. *See Chafin v. Chafin,* 586 U.S. 165, 174 (2013) (citing *Powell v. McCormack*, 395 U.S. 486, 500 (1969); internal brackets omitted). As a result, the Court has in recent years held that "an unaccepted settlement offer," "an offer of judgment," and "offering a full refund" still do not render pending claims moot. *See Campbell-Ewald Co. v. Gomez*, ___ U.S. ___, 136 S.Ct. 663, 672 (2016) (settlement offers and offers of judgment); *Knox v. Service Employees International Union*, 567 U.S. 298, 307-08 (2012) (offers of full refund). Even a dismissal without prejudice does not render an independent Section 4 petition to compel arbitration of those claims moot given the possibility of "refiling." *See Credit Acceptance Corp. v. Ledbetter*, 2016 WL 4688867, at * 2 (N.D. Miss. Sept. 7, 2016).

While Trustee may have now "agreed" that her CROA claims are arbitrable, there still remains a "case and controversy" between the parties. *See National Hygienics, Inc. v. Southern Farm Bureau Life Ins. Co.,* 707 F.2d 183, 186-87 (5th Cir. 1983) (distinguishing between consent and confessed judgments). For mootness purposes, the issue is not whether Trustee has belatedly agreed to arbitrate, but whether it is now "impossible" for the Court to grant her any relief on that claim

whatsoever.  *See Knox*, 567 U.S. at 307.   Trustee filed this action demanding relief under CROA.  *See* Docket No. 1 at 10-13.  She also contested the dismissal of those claims under both Rule 12(b)(1) and 12(c), demanding that they be allowed to proceed.  *See* Docket Nos. 30 & 35.

The Court, however, found the CROA count became moot after Trustee "agreed to arbitration."[2]   *See* Docket No. 37 at 3.   In doing so, it "confuse[d] mootness with the merits" of the CROA claim. *See Chafin,* 586 U.S. at 174.  Arbitrability only became an issue in this proceeding after NDR raised it as a defense.  *See* Fed. R. Civ. P. 8(c); Docket No. 5 at 2.  But Trustee still has "a personal stake in the outcome" of her CROA claim based upon her duty to liquidate it as the representative of Debtor's estate.  *See Genesis Healthcare*, 569 U.S. at 72; 11 U.S.C. § 704.  Subject to § 157, the Court is also "capable of providing meaningful relief" to Trustee should her claim prove meritorious.  *See Center for Biological Diversity,* 704 F.3d at 425; 15 U.S.C. § 1679g.  The fact that Trustee has now "agreed" to arbitrate the CROA count does not destroy the Court's subject matter jurisdiction over it or render it moot any more than a post-litigation "settlement offer" or

---

[2] Trustee's belated "agreement" to arbitrate is also not an "intervening circumstance," but a mere tactical "maneuver" to "insulate" her claim from judicial review.  *See Knox,* 567 U.S. at 307.  She was bound to arbitrate long before based upon the term of the Debt Negotiation Agreement.  *See* Docket No. 5-1.

"offering a full refund" do.[3]  *See Campbell-Ewald*, 136 S.Ct. at 672; *Knox*, 567 U.S. at 307-08.

Given Trustee's prior conduct, that is a particular concern in this matter.  *See Lentz v. Global Client Solutions, LLC (In re Jackson)*, Adv. No. 19-06028-KMS, Docket No. 22 (Bankr. S.D. Miss. Nov. 12, 2019).  In *Jackson*, she was compelled to arbitrate her CROA claim against the defendant by this Court.  *See* Adv. No. 19-06028-KMS, Docket No. 22.  Rather than doing so, however, she filed suit again, forcing the defendant to continue litigating.  *See Lentz v. Global Client Solutions, LLC*, No. 1:20-cv-00235-LG-RPM (S.D. Miss.).  That behavior confirms that the CROA claim is not moot.  *See Ledbetter*, 2016 WL 4688867, at * 2.

Moreover, "agreements to arbitrate implicate forum selection and claims-processing rules not subject matter jurisdiction."  *See Ruiz v. Donahoe*, 784 F.3d 247, 250 (5th Cir. 2015).  In fact, "[i]t is not uncommon for district courts to compel arbitration but also retain jurisdiction pending the arbitration for the purpose of addressing any subsequent motions to confirm, modify, or vacate the award."  *See*

---

[3]None of the authorities cited the Opinion establish mootness in this matter.  *See* Docket No. 37 at 3.  In *Lujan*, the Court held "[t]here is no standing," not that the case was moot.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 (1992).  In *Sannon*, mootness was found based upon "newly promulgated regulations [that were] immediately applicable."  *See Sannon v. United States*, 631 F.2d 1247, 1250 (5th 1980).  In *Center for Individual Freedom*, a First Amendment challenge was not moot even though the contested election was already completed.  *See Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661-62 (5th Cir. 2006).

*American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 714 (5th Cir. 2002) (Dennis, J., concurring); *International Assoc. of Heat & Frost Insulators & Asbestos Workers, Local 66*, 434 F.2d 192, 194 (5th Cir. 1970) ("The District court's retention of jurisdiction pending arbitration is an acceptable practice").  Thus, Trustee's post-commencement "agreement" to arbitrate did not "implicate" the Court's subject matter jurisdiction over the CROA count.  *See Ruiz*, 784 F.3d at 250.

Finally, even if arbitrability was the proper focus for determining mootness, the Court's rationale would produce unintended and impermissible consequences. *See* Docket No. 37 at 3.  A party cannot destroy jurisdiction by simply stopping its behavior once it is challenged in court, else it could engage in that behavior, "stop when sued to have the case declared moot," and "then pick up where it left off" after the suit is dismissed.  *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).  "In cases that become moot while awaiting review, [the Court's] logic would hold [it] powerless to award costs…or even to enter an order of dismissal."  *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 21 (1994) (citation omitted). "If federal jurisdiction turned on the *success* of a plaintiff's federal cause of action, no such case could ever be dismissed on the merits."  *See Eubanks v. McCotter*, 802 F.2d 790, 793 (5th Cir. 1986).  Therefore, subject matter jurisdiction was not lost over the CROA count based upon Trustee's subsequent attempt to prevent scrutiny of it by this Court.

## V.   CONCLUSION

The Court had no authority to dismiss Trustee's CROA count as moot.  *See* 28 U.S.C. § 157(c).  It also confused mootness and subject matter jurisdiction with the merits of her CROA claim.  *See Chafin,* 586 U.S. at 174; *Ruiz*, 784 F.3d at 250. Accordingly, reconsideration should be granted to correct the manifest errors in the Opinion, and determine standing and plausibility in the first instance.

Respectfully submitted, the 7th day of October, 2020.

National Debt Relief, LLC


*/s/ Mark H. Tyson*
Mark H. Tyson (MS Bar #9893)


**OF COUNSEL:**

BURR & FORMAN, LLP
The Pinnacle at Jackson Place
190 East Capitol Street, Suite M-100
Jackson, Mississippi  39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
mtyson@burr.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document has been served on the following

by Notice of Electronic Filing on this, the 7th day of October, 2020:

Jason Graeber, Esq.
Graeber Law Firm, PLLC
2496 Pass Rd.
Biloxi, MS  39531
jason@jasongraeberlaw.com

Chadwick M. Welch
Watson Heidelberg PLLC
2829 Lakeland Drive, Suite 1502
Flowood, MS 39232
cwelch@whjpllc.com

*/s/ Mark H. Tyson*
OF COUNSEL