# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**GARY D. WALLS & LAURA C. WALLS,**     CASE NO. 19-51191-KMS

         Debtors.                                           CHAPTER 7

**KIMBERLY R. LENTZ, as Chapter 7 Trustee for
The Bankruptcy Estate of Gary D. Walls
& Laura C. Walls, Debtors**                        **PLAINTIFF**

**V.**                                                   **ADV. PROC. NO. 19-06038-KMS**

**NATIONAL DEBT RELIEF, LLC**                      **DEFENDANT**

## MOTION FOR SUMMARY JUDGMENT

COMES NOW National Debt Relief, LLC ("NDR"), and files its Motion for Summary Judgment, and in support thereof would show unto the Court the following, to-wit:

1. In December 2018, Debtor "was struggling with debt." Around that time she received a written offer from NDR to participate in its "debt-resolution program." The notice informed Debtor that she had to pay "no upfront fees and owe[d] nothing to [NDR] until [her] debt[s] [were] resolved." The "Client Success Kit" notified Debtor that the program would utilize a "dedicated savings account" to hold monthly program payments, but that the account was hers and she had "complete access and control over the funds it contain[ed]."

44479937 v1

2. On December 5, 2019, Debtor executed a Debt Negotiation Agreement ("DNA") with NDR. She enrolled the five unsecured debts in the program. The DNA provided:

> **1. Our Commitment to You:** NDR will not earn any fees for services until: a successful settlement is received on an enrolled debt, you approve the terms of the settlement, and payment has been made towards that settlement.
>
> . . .
>
> **2. Debt Negotiation Services:**
>
> b. <u>The Client's Responsibilities</u>:
>
> . . .
>
> V. The Client agrees to make timely deposits into their Dedicated Savings Account.
>
> . . .
>
> e. <u>Dedicated Savings Account</u>: You agree to establish a savings plan for the purpose of accumulating funds in order for NDR to negotiate down and settle the outstanding balances on the accounts enrolled in our debt negotiation program. You agree to save such funds in a separate, FDIC insured Dedicated Savings Account through Global Client Solutions, LLC ("Global"), or another account of your choosing. You shall promptly notify NDR of the selection and shall be responsible for reporting balances to NDR. <u>You shall retain full control, ownership, and all rights over your Dedicated Savings Account</u>, and will at all times be solely responsible for any payments or distributions due thereunder.
>
> . . .
>
> **6. Fees:** NDR will not charge any fee for settlements rendered until an enrolled debt is successfully resolved, the Client approves the terms of the settlement offer, and payment has been made towards the negotiated balance.

3. At the same time, Debtor executed a Dedicated Account Agreement and Application ("DAA") with Global Client Solutions, LLC ("Global"). Her dedicated account was assigned number *****1184 ("Account 1184"). The DAA provided, *inter alia*:

> **Dedicated Account Agreement and Application**
>
> **II.     Purpose, Nature and Use of the Account:** Your Account is a dedicated account that you can use in connection with the debt settlement program you have undertaken....Your Account is a Federal Deposit Insurance Corporation ("FDIC") insured sub-account within a master custodial account maintained at a bank designated or selected by Global.
>
> . . .
>
> **VII.    Termination of Agreement / Account Closure:** You may terminate this Agreement and close your Account at any time by sending a written notice to Global's Customer Support....If this Agreement is terminated for any reason, the collected balance in your Account will be sent to you by check within a reasonable period of time.
>
> . . .
>
> **IX.     Non-Interest Account:** Your Account is a non-interest bearing Account.
>
> . . .
>
> <u>Account Ownership, Control and Use</u>: I understand that the Account, when established in accordance with this Agreement, will be my sole and exclusive property; that only I (or authorized contact, if any) may authorize deposits to and creditor payments from my Account.

Pursuant to the DAA, Global received a one-time set-up fee of $9.00 for Account 1184. Global also received monthly service charges in the amount of $9.85, for

January, February, March, April, May and June 2019. The total disbursements to Global from Account 1184 were $68.10.

4. On December 10, 2019, Debtor also executed a Client Retainer Agreement ("CRA") with Robert S. Gitmeid & Associates, PLLC ("Gitmeid"). The CRA provided Debtor with legal services related to the debts she enrolled in the DNA. The legal fees Debtor agreed to pay Gitmeid were also paid through Account 1184. The following disbursements were made by Global to Gitmeid from Account 1184 based upon the CRA:

| Post Date | Description | Type | Amount | Running Balance |
|---|---|---|---|---|
| 1/3/2019 | GLS (optional) – Call 888-660-7427 help/questions - 12/28/18 | Customer Fee | ($1.55) | $166.10 |
| 1/3/2019 | GLS (optional) – Call 888-660-7427 help/questions - 01/01/19 | Customer Fee | ($12.00) | $154.10 |
| 2/1/2019 | GLS (optional) – Call 888-660-7427 help/questions - 02/01/19 | Customer Fee | ($12.00) | $505.25 |
| 3/4/2019 | GLS (optional) – Call 888-660-7427 help/questions - 03/01/19 | Customer Fee | ($12.00) | $856.40 |
| 4/2/2019 | GLS (optional) – Call 888-660-7427 help/questions - 04/01/19 | Customer Fee | ($12.00) | $1,207.55 |
| 5/2/2019 | GLS (optional) – Call 888-660-7427 help/questions - 05/01/19 | Customer Fee | ($12.00) | $1,558.70 |
| 6/3/2019 | GLS (optional) – Call 888-660-7427 help/questions - 06/01/19 | Customer Fee | ($12.00) | $1,909.85 |

Those disbursements reflect the monthly and pro-rated legal fees Walls agreed to pay Gitmeid pursuant to the CRA. The total disbursements to Gitmeid from Account 1184 were $73.55.

5. After participating in NDR's debt-resolution program for several months but before any settlements with her creditor were reached and approved, Debtor and her husband filed a voluntary Chapter 7 petition on June 20, 2019. *See* Case No. 19-51191. As a result of the Chapter 7 petition, Global returned the balance

44479937 v1                                    4

of Account 1184 to Debtor by ACH, in the amount of $2,282.85. No disbursements were ever made by Global to NDR from Account 1184 because, as Trustee admits, none of Debtor's obligations were ever "resolve[d]."

6.   Trustee filed this adversary proceeding on September 12, 2019. She alleged that Debtor had participated in a "debt relief and credit repair program" offered by NDR, and that "approximately $2,000.00 in fees" had been paid to it. The Complaint raised claims for turnover of the estate's property (Count I), fraudulent transfers (Count II), accounting (Count III), and violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq.* (Count IV). Trustee demanded, *inter alia*, actual and punitive damages, attorney's fees, interest, equitable relief and rescission.

7.   In response, NDR filed a Motion for Judgment on the Pleading or to Compel Arbitration and a Motion to Dismiss CROA Claims. On September 24, 2020, the Court entered an Opinion relating to those motions. It dismissed the CROA claim finding that it had become moot due to Trustee's agreement to arbitrate. After analyzing Trustee's fraudulent transfer and turnover claims, the Court found that she has only "adequately pleaded that [Debtor] transferred $73.55 to NDR." The Court also dismissed the accounting claim. Because there are no genuine issues of material fact as to the remaining fraudulent transfer and turnover claims, summary judgment should now be entered in favor of NDR on those claims.

8. Summary judgment should be entered in favor of NDR on the remaining claims because there are no genuine issues of material fact and it is entitled to judgment was a matter of law. *See* Fed.R.Civ.P.56; Fed.R.Bankr.P.7056.

9. In support of the instant Motion, NDR relies upon its supporting memorandum and the following exhibits:

> Exhibit "A" – Debt Negotiation Agreement
>
> Exhibit "B" – Declaration of Brent Hampton
>
> Exhibit "C" – Declaration of Robert S. Gitmeid

WHEREFORE, PREMISES CONSIDERED, NDR prays that summary judgment be entered in its favor and that all of Trustee's claims be finally dismissed with prejudice. NDR further prays for general relief.

Respectfully submitted, the 9th day of November, 2020.

*National Debt Relief, LLC*

*/s/ Mark H. Tyson*
Mark H. Tyson (MS Bar #9893)

**OF COUNSEL:**

BURR & FORMAN, LLP
The Pinnacle at Jackson Place
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
mtyson@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served on the following by Notice of Electronic Filing on this, the 9th day November, 2020:

Jason Graeber, Esq.
Graeber Law Firm, PLLC
2496 Pass Rd.
Biloxi, MS 39531
jason@jasongraeberlaw.com


Chadwick M. Welch
Watson Heidelberg PLLC
2829 Lakeland Drive, Suite 1502
Flowood, MS 39232
cwelch@whjpllc.com


*/s/ Mark H. Tyson*
OF COUNSEL