IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **GARY D. WALLS & LAURA C. WALLS,** Debtors. | **CASE NO. 19-51191-KMS** **CHAPTER 7** |
| **KIMBERLY R. LENTZ, as Chapter 7 Trustee for The Bankruptcy Estate of Gary D. Walls & Laura C. Walls, Debtors** | **PLAINTIFF** |
| V. | **ADV. PROC. NO. 19-06038-KMS** |
| **NATIONAL DEBT RELIEF, LLC** | **DEFENDANT** |

## DECLARATION

ROBERT S. GITMEID, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the Managing Member of the Law Offices of Robert S. Gitmeid & Associates, PLLC ("Gitmeid Law"). Based upon my responsibilities and position, I have personal knowledge of, and am competent to testify on, the matters set forth herein.

2. Gitmeid Law is a New York-based law firm. Gitmeid Law provides legal services to clients in Mississippi.

3. Debtor Laura Walls ("Walls") entered into a Client Retainer Agreement ("Retainer Agreement") for litigation defense with Gitmeid Law on December 10, 2018. A true and correct copy of the Retainer Agreement is attached hereto as Exhibit "A." The legal fees that Walls agreed to pay Gitmeid Law under the Retainer

EXHIBIT C

Agreement were paid from her dedicated account with Global Client Solutions, LLC ("Global"), account no. ******1184 ("Account 1184").

4. The following disbursements were made from Account 1184 to Gitmeid Law per the Retainer Agreement:

| Post Date | Amount | Transaction Class | Transaction Type |
|---|---|---|---|
| 1/3/2019 | $1.55 | Client Fee | Litigation Retainer Fee |
| 1/3/2019 | $12.00 | Client Fee | Litigation Retainer Fee |
| 2/1/2019 | $12.00 | Client Fee | Litigation Retainer Fee |
| 3/4/2019 | $12.00 | Client Fee | Litigation Retainer Fee |
| 4/2/2019 | $12.00 | Client Fee | Litigation Retainer Fee |
| 5/2/2019 | $12.00 | Client Fee | Litigation Retainer Fee |
| 6/3/2019 | $12.00 | Client Fee | Litigation Retainer Fee |

Those disbursements reflect the monthly and pro-rated legal fees that Walls agreed to pay Gitmeid Law pursuant to the Retainer Agreement. *See* Exhibit "A" at ¶ 7. The total disbursements from Account 1184 to Gitmeid Law were $73.55.

5. Attached to the Retainer Agreement is a "Client Retainer Fee Payment and Debit Transfer Authorization" form signed by Walls on December 10, 2018, giving Global written authorization "to initiate debit transfers from my Dedicated Account to [Gitmeid Law] in the amount of $12.00 per month [...]."

6. I declare under penalty of perjury that the foregoing is true and correct. Executed on the 4th day of November, 2020.

_____
ROBERT S. GITMEID

2

44401216 v1




CONFIDENTIAL

# CLIENT RETAINER AGREEMENT

This Client Retainer Agreement ("Agreement") is made as of _____12/10/2018_____, between the Law Offices of Robert S. Gitmeid & Associates, PLLC ("LORG"), a law firm with its principal office located at 11 Broadway, Suite 1515, New York, NY 10004, and _____Laura Walls_____ and (Co-Client: _____) (hereinafter together collectively referred to as "Client" or "you").

**The specific terms of this Agreement are as follows:**

1. **Conditions.** This Agreement shall become effective upon the completion of the following two (2) conditions: (1) Client returns a signed copy of this Agreement to LORG, and (2) Client's first Monthly Retainer Fee clears, as per the terms of Paragraph 7 herein. This Agreement shall not take effect and LORG will have no obligation to provide legal services until both conditions above are satisfied and completed.

2. **Scope of Representation.** Client retains LORG for full access to LORG's time, advice, consultation, and to defend and represent Client in any "Collection Action" (as that term is defined below) provided that such action is commenced *after* the two (2) conditions in Paragraph 1 (above) are satisfied.

   a. **Collection Action.** A "Collection Action" is defined as any lawsuit or debt-collection effort commenced against Client by any creditor or its assignee for the collection of a debt which Client has enrolled in a debt resolution program ("DRP") with National Debt Relief, LLC pursuant to a DRP agreement executed on ____12/5/2018____.

   b. **Account Removal.** Client understands and expressly agrees that if any account enrolled in Client's DRP is subsequently removed from Client's DRP for any reason, such account shall become outside the scope of this Retainer Agreement ("Account Removal"). LORG shall notify Client in writing of such Account Removal and take all reasonable and necessary steps to withdraw, with regard to the removed account only, in accordance with Paragraph 12 herein.

   c. Client agrees that LORG represents Client in Collection Actions only, as defined herein. LORG shall not represent Client in any matter or claim which is not a Collection Action unless such representation is agreed upon by LORG and Client and such agreement is documented in a separate retainer agreement.

3. **Services.** LORG's services may include any of the following: reviewing, preparing and filing Court documents, attending all required Court appearances such as conferences, hearings, trials, and negotiating settlement of the underlying claims and lawsuit(s).

   a. **Completion of Representation.** LORG's legal services on any Collection Action shall be provided to Client until, and not before, the conclusion of the Collection Action. Client agrees that LORG shall not be required to appeal any court or alternative-dispute-resolution decision issued in a Collection Action unless a new and separate retainer agreement is agreed to and executed by Client and LORG.

   b. **Settlement Approvals.** LORG will not accept any settlement offers without Client's prior express approval.

4. **Client Representations & Duties.** It is the mutual understanding of LORG and Client that the primary goal of this Agreement is to defend and attempt to resolve any claim(s) in the most efficient and prompt manner as is reasonably feasible. Client agrees to fully cooperate with LORG and to be available at all reasonable times to aid LORG in its representation of Client. Client agrees to be truthful in all communications with LORG and its Affiliate Law Firms and to keep LORG and its Affiliate Law Firms fully informed of any and all developments in any Collection Action within the scope of this Agreement, including, but not limited to providing LORG witht all legal documents that Client receives in a timely manner and without unreasonable delay.

   **YOU MUST NOTIFY LORG OF ANY LAWSUIT(S) COMMENCED AGAINST YOU IMMEDIATELY AFTER YOU RECEIVE NOTICE OF ANY SUCH LAWSUIT(S). YOU MUST ALSO PROVIDE LORG WITH ALL LEGAL DOCUMENTS THAT YOU RECEIVE WITHOUT DELAY, BUT NO LATER THAN FIVE (5) DAYS AFTER YOU RECEIVE SUCH LEGAL DOCUMENTS, SO THAT LORG HAS REASONABLE OPPORTUNITY TO TAKE NECESSARY LEGAL ACTION(S) ON YOUR BEHALF, SUCH AS RESPONDING TO SUCH LEGAL DOCUMENTS.**

# EXHIBIT A

5.  **Affiliated Law Firm.** When necessary, in LORG's discretion and independent judgment, LORG may retain qualified local counsel ("Affiliated Law Firm") to appear on behalf of or to represent Client in a Collection Action, <u>at no additional cost to Client</u>. LORG will make reasonable and diligent inquiry into the qualifications, credentials, ethics, and reputation of any such Affiliated Law Firm. Should your matter necessitate the retention of an Affiliated Law Firm, LORG shall provide you with full written disclosure of the work to be performed by the Affiliated Law Firm, the fees Affiliated Law Firm will receive for working on your matter, and a written confirmation of your consent thereto. Notwithstanding sub-Paragraph 3.b. and all applicable Bar Rules, Client authorizes LORG to take any action which LORG deems to be appropriate in furtherance of Client's best interests in connection with Collection Actions.

6.  **Conflict of Interest.** LORG expressly agrees to decline any subsequent employment: (1) If representing another client will be adverse to Client's interests, (2) If there is a significant risk that the representation of another client will be materially limited by LORG's responsibilities to Client, and (3) If there is significant risk that professional judgment will be affected by LORG's financial, business, property or personal interests.

7.  **Legal Fees.** Client retains LORG for full access to LORG's time, advice, consultation, and to defend and represent Client in any Collection Action as defined in Paragraph 2 herein. For its services, LORG shall receive a fee of $12.00 per month ("Monthly Retainer Fee"). The first Monthly Retainer Fee shall be due on the date set forth in the attached Electronic Funds Transfer ("EFT") Authorization form and, subsequently, shall recur on the first (1st) calendar day of each month. If the first payment occurs on a day other than the first (1st) of that month, then the Monthly Retainer Fee for that month shall be prorated accordingly.

    a.  <u>**Payment Method.**</u> By signing the attached EFT Authorization form, Client agrees to pay the Monthly Retainer Fee via EFT from your Dedicated Account with Global Client Solutions ("GCS").

    b.  <u>**Non-Refundable.**</u> Client agrees that all Monthly Retainer Fees are earned immediately upon receipt and are non-refundable. Client agrees that the Monthly Retainer Fee is solely for the purpose of compensating LORG for:

        i.   Providing Client with legal services within the scope of this Agreement, and
        ii.  Declining any subsequent employment that may conflict with LORG's ability to represent Client's interests (as outlined in Paragraph 6).

    c.  <u>**Failure to Pay Monthly Retainer Fee.**</u> If the Monthly Retainer Fee is not paid on the due date, Client shall have a thirty (30) day grace period to make the missed payment. Subject to the Bar Rules of Client's state of residence and any other governing jurisdiction(s), if Client fails to make the missed payment within the thirty (30) day grace period, LORG shall have the right, in its sole discretion, to immediately terminate this Agreement and withdraw from employment in accordance with Paragraph 12.

8.  **Costs and Expenses.** Client shall be responsible for any costs and expenses incurred by LORG arising out of the representation within the scope of this Agreement. Client agrees to pay for such costs and expenses upon request in addition to the Monthly Retainer Fee. Such fees and expenses may include but are not limited to: Court filing fees, service of process fee, deposition transcript fees, and messenger and other delivery services.

9.  **Confidentiality.** Communications between Client and LORG are confidential and protected by Attorney-Client privilege. Notwithstanding this, Client expressly authorizes LORG to communicate and discuss any information relating to Client's Collection Actions with Client's DRP provider and other third parties as may be necessary to effectively represent Client. LORG represents that any communications by LORG to any third party shall remain confidential. Client is advised that the privilege of confidentiality may be lost if Client discusses the communication between LORG and Client with any third party.

10. **No Guarantees.** LORG cannot, and does not, make any guarantees with regard to any particular results or outcome of Client's Collection Action. Client acknowledges that LORG has made no guarantees regarding the successful disposition of any Collection Action.

11. **Cancellation.** YOU MAY CANCEL THIS AGREEMENT FOR ANY REASON AND WITHOUT PENALTY AT ANY TIME. In the event that Client cancels this Agreement prior to LORG completing its services under the terms herein, LORG shall be entitled to reimbursement for all outstanding costs and expenses as outlined in Paragraph 8, which shall be immediately due and payable.

12. **Withdrawal.** LORG may withdraw from employment for any of the following reasons: (1) For any reasons set forth within Rule 1.16 of the New York Rules of Professional Conduct, (2) For any breach of any provision of this Agreement, (3) Upon Client's termination from participating in the DRP as set forth within Paragraph 2, or (4) For any reason with Client's consent. LORG agrees to continue representation and not to withdraw from employment until reasonable steps are taken to avoid foreseeable prejudice to Client, including giving

 

written notice to Client, allowing time for the employment of other counsel, and delivering to Client all papers and property to which Client is entitled. Once withdrawal is effectuated, all further obligations to represent Client in Collection Actions shall be extinguished. In the event that LORG withdraws from employment, LORG shall be entitled to reimbursement for all outstanding costs and expenses as outlined in Paragraph 8, which shall be immediately due and payable.

13. **Arbitration and Choice of Law.** This Agreement shall be governed by the laws of the State of New York, without regard to any conflict of laws provisions. In the event of any controversy, claim, or dispute between the parties arising out of or relating to this Agreement, the parties agree to resolve all issues solely through the use of **Binding Arbitration,** governed by the rules of the American Arbitration Association ("AAA"). Any such Arbitration shall take place either in New York County, New York, or within the state and county in which Client resides, and be conducted by a mutually-agreed-upon Arbitrator. The arbitrator shall be neutral, independent, and shall comply with the AAA code of ethics. The arbitrator or arbitration panel shall have the exclusive and sole authority to resolve any dispute relating to the interpretation, applicability, enforceability, conscionability, or formation of this Agreement and of this arbitration requirement. The award rendered by the Arbitrator shall be final, binding on all parties, and not challengeable or subject to vacation or modification.

Judgment on the award made by the Arbitrator may be entered into any court having jurisdiction over the parties. If either party fails to comply with the Arbitrator's award, the injured party may petition the appropriate court for enforcement. The parties further agree that either party may bring claims against the other only in his/her or its individual capacity and not as a Plaintiff or class member in any purported class action or representative proceeding. Further, the parties agree that the Arbitrator may not consolidate proceedings of more than one person's claims, and may not otherwise preside over any form of representative or class proceeding. The parties shall share the cost of Arbitration (not including attorneys' fees) equally. In the event that a party fails to proceed with Arbitration, unsuccessfully challenges the Arbitrator's award, or fails to comply with the Arbitrator's award, the other party shall be entitled to costs of suit, including reasonable attorneys' fees for having to compel Arbitration or defend or enforce the award. This section, the arbitration requirement, and class action waiver, shall survive termination.

14. **Severability.** If any particular provision of this Agreement is held under any applicable law to be void or unenforceable, such determination shall in no way affect the validity of any other provision hereof and this Agreement shall continue to be binding on the parties. Any provision that is held to be void or unenforceable will be interpreted by the parties and replaced with language to effectuate the intent of the original provision so as to preserve the purpose of this Agreement.

*You should not sign this Agreement unless you have carefully read and accept all of the terms and conditions herein. In order to begin providing services to you under this Agreement, LORG must receive both, a signed Client Retainer Agreement from you and confirmation that your first Monthly Retainer Fee has cleared. If LORG does not receive a signed Client Retainer Agreement or cannot confirm receipt of your first Monthly Retainer Fee, your inaction shall be construed as your decision that you do not wish to become an LORG client and, accordingly, LORG shall have no obligation to perform any work on your behalf.*

| By signing below, I hereby agree to all of the terms & conditions in this Client Retainer Agreement. |||
|---|---|---|
| Client (Print Name) | Signature | Date |
| **Laura Walls** | *Laura c walls*<br>Laura c walls (Dec 10, 2018) | Dec 10, 2018 |
| Co-Client (Print Name) | Signature | Date |
|  |  |  |

| Acknowledgment on behalf of the Law Offices of Robert S. Gitmeid & Associates, PLLC ||
|---|---|
| Signature | Date |
| *[signature]* | 12/10/2018 |

*Law Offices of Robert S. Gitmeid & Assoc., PLLC; 11 Broadway, Suite 1515, New York, NY 10004; Tel: (866) 707-4595; Fax: (855) 637-2499*



### The Law Offices of
### ROBERT S. GITMEID & ASSOC., PLLC

## AUTHORIZATION TO COMMUNICATE & NEGOTIATE

I (we), _____Laura Walls_____ the undersigned, hereby expressly grant(s) the **Law Offices of Robert S. Gitmeid & Associates, PLLC,** its employees, and its authorized agents, (collectively, **"RGA"**), the authorization to communicate with my (our) creditors and collection agencies for the purpose of negotiating the settlement of my (our) outstanding unsecured debts, as the undersigned could lawfully do if personally present.

### NOTICE

1. This Authorization to Communicate & Negotiate is effective upon signing and specifically authorizes the recipient to discuss, disclose, and convey documents and otherwise provide information to **RGA** in the same manner recipient would otherwise provide and disclose to the undersigned, including but not limited to information concerning any payable debt, account, lien, suit, or judgment for which the undersigned is allegedly responsible, whether disputed or not.

2. The undersigned hereby authorize(s) **RGA** to obtain, review, and discuss my (our) consumer credit reports, bank and creditor account information, medical bills and condition, employment status, financial information (whether public or non-public), and any other personal information about the undersigned that is pertinent to resolving the creditor claims.

3. The undersigned hereby authorizes **RGA** to communicate with my (our) creditors and collection agencies on my (our) behalf as my (our) agent and to perform each and every act that it deems reasonably necessary for the purpose of negotiating the settlement of any and all claims associated with or related to the outstanding debt with such creditors or collection agencies.

4. No creditor or collection agency may contact the undersigned (or either of us if more than one) regarding any of the creditors' claims that are the subject matter of this Authorization to Communicate & Negotiate without the prior written consent of the undersigned. If you are a collection agency, you are not permitted to contact me pursuant to 15 U.S.C. § 1692C. The recipient of an original, photocopy, or facsimile of this document is specifically instructed by the undersigned to direct all communications to **RGA.**

5. The undersigned hereby authorize(s) **RGA** to provide a copy of this Authorization to Communicate & Negotiate to my creditors and collection agencies on my (our) behalf for the purposes set out herein.

I (we) affirm that all of the information that I (we) have provided, or will provide, to **RGA** is accurate, timely, and correct. **RGA** may discuss any and all details of my (our) financial situation with any creditor or third-party collection agency. **RGA** does not assume or pay any of my debts for me, and is solely engaged to provide counseling and negotiation services limited by my Client Retainer Agreement.

| I have read, understand, and agree with all terms and conditions of this Authorization to Communicate & Negotiate. | | |
|---|---|---|
| Client (Print Name) | Signature | Date |
| **Laura Walls** | *Laura c walls* (Laura c walls (Dec 10, 2018)) | Dec 10, 2018 |
| Social Security Number | | Date of Birth |
| ███████6268 | | ███████ |

| Co-Client (Print Name) | Signature | Date |
|---|---|---|
|  | ✍ |  |
| Social Security Number | | Date of Birth |
|  | | |




## CLIENT RETAINER FEE PAYMENT AND DEBIT TRANSFER AUTHORIZATION:

| Client Information | | | |
|---|---|---|---|
| Name of GCS Dedicated Account Owner *(as it appears on the account)* | | | |
| **Laura Walls** | | | |
| Account Owner's Physical Address *(as it appears on account records)* | City | State | ZIP |
| 2509 Havard rd | Ocean Springs | MS | 39564 |

**Electronic Funds Transfer Authorizations:**

1. I authorize Global Client Solutions, LLC ("Global"), per the terms of the Dedicated Account Agreement I have executed with Global, to initiate debit transfers from my Dedicated Account to the Law Offices of Robert S. Gitmeid & Assoc., PLLC, ("LORG") in the amount of **$12.00 per month** ("Monthly Retainer Fee"), to commence on or after my next scheduled draft date and to continue monthly thereafter until cancelled.
2. I hereby give this debit transfer authorization specifically and solely for the purpose of retaining LORG for legal representation in civil litigation matters. This authorization and the Monthly Retainer Fee are not intended and must not be used for any debt settlement program or service.
3. I represent that I own the Dedicated Account and I am authorized to provide this instruction.
4. I agree to maintain sufficient funds in my Dedicated Account to cover the Monthly Retainer Fee in the amount of $12.00 to be paid to LORG.
5. I will contact Global in advance if I wish to change the amount or the date for debit transfers from my Dedicated Account.
6. These debit transfer authorizations shall remain in full force and effect until I give a written termination notice to Global that affords it a reasonable period of time to act on it. Any such notice, and any other written notice that is provided herein shall be sent to Global's Customer Support at the addresses set forth below.
7. I acknowledge that my transactions must comply with the provisions of U.S. law.
8. I understand that I have the right to close my Dedicated Account at any time and receive my money back in the manner described in my Dedicated Account Agreement.
9. I understand that changing my authorization does not in any way alter or modify any terms of my Dedicated Account.

**If you have any questions regarding this authorization please contact Global Customer Support immediately.**

| Client Signature | Date |
|---|---|
| *Laura c walls*<br>Laura c walls (Dec 10, 2018) | Dec 10, 2018 |

CONTACT GLOBAL CUSTOMER SUPPORT:

4500 S. 129th E. Ave., Suite 175
Tulsa, OK 74134

Toll-free at: (800) 398-7191
Fax: (866) 355-8228

Email: customersupport@globalclientsolutions.com

