

## BURR ∴ FORMAN LLP
*results matter*

Mark H. Tyson
mtyson@burr.com
Direct Dial: (601) 709-3410

The Pinnacle at Jackson Place
190 East Capitol Street
Suite M-100
Jackson, MS 39201

*Office* (601) 355-3434
*Fax* (601) 355-5150
*Toll-free* (866) 355-3439

BURR.COM

November 19, 2020

**VIA EMAIL TO [samson_chambers@mssb.uscourts.gov]**

Honorable Katharine M. Samson
United States Bankruptcy Judge
Dan M. Russell Jr. US Courthouse
2012 15th Street, Suite 244
Gulfport, MS  39501

**Re:**   ***Kimberly R. Lentz, as Chapter 7 Trustee for the Bankruptcy Estate of Gary D. Walls and Laura C. Walls, Debtors v. National Debt Relief LLC*; In the United States Bankruptcy Court for the Southern District of Mississippi; Adversary Proceeding No. 19-06038-KMS**

**Subject:**   **Motion to Reconsider or Alternative and Amend ("Motion to Reconsider"), Docket No. 39**

Dear Judge Samson:

The Court recently heard oral argument on the Motion to Reconsider and took it under advisement. The Fifth Circuit has recently issued an opinion that is relevant to the Court's consideration of that motion.

On October 28, 2020, the Fifth Circuit issued an opinion in *Speech First, Inc. v. Fenves*, 2020 WL 630519 (5th Cir. Oct. 28, 2020). The plaintiff sought an injunction to prevent the enforcement of several policies regulating speech at the University of Texas. *Id.* at *1. The district court dismissed the plaintiff's claims for lack of standing. *Id.* at *5. While on appeal, the university amended its policies and argued that the plaintiff's claims were rendered moot. *Id.* at *5-6. The Fifth Circuit disagreed. The Court held:

Honorable Katharine M. Samson
November 19, 2020
Page 2

---

> In general a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice, even in cases in which injunctive relief is sought. That general rule is not absolute, but voluntary cessation of challenged conduct moots a case only if it is *absolutely* clear that the allegedly wrongful behavior could not be reasonably expected to recur.

*Id.* at *6 (internal quotation marks and citations omitted; emphasis in original). In finding that the plaintiff's claims were not moot, the Court noted there was no "controlling statement of [the university's] future intention," the "suspicious" timing of its policy change, and continuing defense of the challenged policies. *Id.* at *7. The Court's reasoning in *Speech First* is fully applicable to this matter and confirms that Trustee's CROA claims are not moot.

Trustee has made no controlling statement of future intention. While she supposedly agreed to arbitrate her CROA claim in an effort to prevent the challenge to standing, she has now confirmed that she has every intention of continuing to litigate those same claims in her arbitration demand: "Walls seeks to avoid the arbitration agreement and return to Bankruptcy Court to *litigate* the CROA claim." See Docket No. 45 (emphasis added). Thus, it is clear that the CROA claims "are not moot," and that this Court must resolve through proposed findings of fact and conclusions of law the Motion to Dismiss CROA claims in the first instance. *See Speech First*, 2020 WL 6305819, at *7; Docket No. 25.

Should the Court have any questions or need anything further, please let us know.

Very truly yours,

Mark H. Tyson

MHT/srb
Enclosures
cc: Jason Graeber (via email)

44510144 v1